**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* C.T.

**No. 23-116** (Kanawha County 21-JA-167)

**MEMORANDUM DECISION**

Petitioner Mother A.T.[1] appeals the Circuit Court of Kanawha County's February 3, 2023, order terminating her parental rights to C.T.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

This matter was previously before this Court following the circuit court's failure to enter a proper adjudicatory order, among other issues.[3] *See In re C.T.-1*, No. 22-0047, 2022 WL 3960166, at *1 (W. Va. Aug. 31, 2022) (memorandum decision). The proceedings began in March 2021, when the DHS filed a petition alleging that petitioner had been recently arrested for possession with intent to deliver and DUI and had a history of other crimes. During the arrest, petitioner "realized her son [C.T.] wasn't with her and became inconsolable but [she] was too incapacitated to assist law enforcement in locating her child." *Id*. The petition also alleged that petitioner engaged in extensive drug abuse, including Xanax, methamphetamine, and heroin, and left the

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Morgan M. Switzer appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the children share the same initials, we use numbers to differentiate them.

[3]The case previously involved an additional child who shares the same initials as C.T., but that child was dismissed from the proceedings following remand from the prior appeal.

child with an inappropriate caregiver. *Id*. According to one individual, petitioner described "running drugs for her boyfriend . . . , falling asleep while caring for the infant (leaving him unsupervised around drugs), using drugs frequently, [and] allowing unknown individuals to ride in her vehicle where they proceeded to overdose." *Id*. Based on the foregoing, the DHS alleged that petitioner abused and neglected the child.

Thereafter, petitioner continued to test positive for marijuana and, on one occasion, methamphetamine, as the proceedings progressed and was also incarcerated at one point. *Id*. at *2. However, following an adjudicatory hearing in September 2021, the court failed to make any specific findings concerning petitioner's conduct and failed to enter an order adjudicating petitioner of either abuse or neglect. *Id*. Around this time, petitioner was arrested for possession of drugs and a firearm. She later filed a motion for a post-adjudicatory improvement period. In December 2021, the court held a dispositional hearing that resulted in the termination of petitioner's parental rights. *Id*. at *3. However, on appeal to this Court, we vacated the termination and remanded the matter for the entry of an appropriate adjudicatory order and further proceedings. *Id*. at *5.

On remand, the court entered an adjudicatory order in September 2022, finding that petitioner neglected the child by virtue of her substance abuse issue and its impact on her ability to adequately parent; leaving the child with inappropriate caregivers; and her history of criminal activity and incarceration, including her incarceration the night before the adjudicatory hearing on drug-related charges.

In January 2023, the court held a hearing for disposition as to C.T. and petitioner's adjudication as to G.K., a child who was born during the pendency of petitioner's prior appeal but who is not at issue in this appeal. Although not at issue, it is relevant to note petitioner's admission that she abused drugs during her pregnancy with G.K. As to disposition, a DHS worker testified that the DHS recommended termination of petitioner's parental rights to C.T. because of her noncompliance with services and failure to correct the conditions of neglect. Additionally, the worker stated that then-three-year-old C.T. had been with his grandmother for two years and that was "all he knows in life." While the witness acknowledged petitioner's participation in substance abuse treatment, he noted that she had only recently sought to address this issue as a "result of a criminal case in another county." Further, the witness testified that granting petitioner an improvement period would "prolong [C.T.] not having permanency." The witness believed that remaining with the grandmother, where the child had resided for almost two years, would be in the child's best interests. The court also heard testimony from the grandmother, who detailed her custody of C.T. and expressed a desire to adopt the child. Petitioner then testified that she was participating in inpatient substance abuse treatment as a result of her acceptance into drug court. According to the record, petitioner entered this treatment program less than two months prior to the dispositional hearing. During petitioner's testimony, she admitted to presently having a drug problem, but denied that she suffered from one when the DHS filed the initial petition in March 2021. Specifically, when asked if she had a drug problem at that time, she responded, "No. Not—not the current one that I developed after I wasn't able to see my kids."

Based on the evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future because she had

"only recently sought in-patient treatment," despite "almost two years of services and court proceedings." In support of this finding, the court further cited petitioner's minimization of her drug issue, her continued abuse of substances during her pregnancy with her younger child, and her arrest during the proceedings. The court further found that the child's best interests required termination, given how long he had been out of petitioner's custody without her fully resolving the conditions at issue. Accordingly, the court denied petitioner's motion for an improvement period and terminated her parental rights to the child.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that the circuit court erred in denying her motion for an improvement period.[5] Petitioner relies heavily on her participation in substance abuse treatment but ignores the fact that she only entered treatment less than two months prior to the dispositional hearing and roughly two years after the proceedings were initiated. Although it is true that the case originally reached disposition in December 2021 and was technically inactive for an extended period, the fact remains that petitioner took no steps to remedy the conditions of neglect in that period and, in fact, continued to abuse drugs while pregnant with another child. Instead, as the circuit court noted, it was not until petitioner was threatened with incarceration that she opted to undergo treatment by participating in drug court. While petitioner is to be commended for receiving treatment, we nonetheless find no error in the circuit court's conclusion that she would be unable to remedy the conditions of neglect in the near future, given her failure to timely address the conditions and her continued minimization of her substance abuse issue during her dispositional testimony. As we have explained, circuit courts have discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, the court considered the extended timeframe in which petitioner's substance abuse persisted and concluded that she would be unable to improve despite her ongoing treatment. Based on the foregoing, we find no error in the circuit court proceeding to termination of petitioner's parental rights without affording her an improvement period.

Finally, petitioner argues that termination was unnecessary when the child was placed with a relative. We find, however, that this is insufficient to establish error. Petitioner ignores the fact that the child's grandmother testified that she wished to adopt the child, and other witnesses testified that the child had spent the vast majority of his life in this home. As the court found, the child had already suffered instability and uncertainty regarding his placement. Accordingly, the court concluded that the child's best interests required termination of petitioner's parental rights.

---

[4]The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

[5]In support of this assignment of error, petitioner argues that she was granted an improvement period in regard to G.K. However, that child is not at issue in this appeal, as the order on appeal contains no ruling in regard to G.K., despite making reference to that child. Because petitioner appeals the denial of her improvement period in the matter concerning only C.T., we find that petitioner cannot be entitled to relief in regard to issues not properly before this Court.

Further, as set forth above, the court found there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future. Because the court had ample evidence upon which to base termination, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood that conditions of neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 3, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn